**In the Matter of Mark A. RYAN, Respondent.**

No. 34S00–0805–DI–293.

Supreme Court of Indiana.

July 31, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* While appointed to represent a criminal defendant ("Client 1"), Respondent took no action for two months, failed to respond to his client's requests to talk with him, twice failed to appear at hearings set on a motion to suppress, and filed a motion to withdraw his appearance on the date of a third hearing. After Client 1 filed a grievance against Respondent, he failed to respond to the Commission's requests for information until this Court issued a show cause order.

*Count 2.* While appointed to represent a criminal defendant ("Client 2") in an appeal of his sentence, Respondent filed a timely notice of appeal with the trial court but took no further action. Another attorney eventually was appointed to represent Client 2.

*Count 3.* While appointed to represent a criminal defendant ("Client 3") in an appeal, Respondent filed a notice of appeal with the Court of Appeals but not with the trial court and took no further action. He failed to respond to Client 3's repeated attempts to communicate with him. An attorney from the State Public Defender Office eventually appeared for Client 3 and pursued a belated appeal. The Court of Appeals affirmed Client 3's conviction after full briefing.

Facts in aggravation are: (1) Respondent's clients were particularly vulnerable because of their incarceration; and (2) Respondent demonstrated a pattern of misconduct. Facts in mitigation are: (1) Respondent was suffering from depression at the time of his misconduct and is currently in treatment; (2) he has no prior discipline; (3) he had no dishonest or selfish motive; and (4) he is remorseful.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3) and (4): Failure to keep a client reasonably informed about the status of a matter and promptly respond to reasonable requests for information.

1.4(b): Failure to explain matter to extent reasonably necessary to permit a client to make informed decisions.

8.1(b): Failure to respond to the Commission's demands for information.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning September 11, 2009, with 30 days actively served and the remainder stayed subject to completion of at least two years of probation.** The Court incorporates by reference the

terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall meet all requirements of his monitoring agreement with the Judges and Lawyers Assistance Program.

(2) Respondent shall earn six continuing legal education hours in office management above his minimum annual requirement.

(3) If Respondent violates his probation, the balance of the stayed suspension shall be actively served without automatic reinstatement, and Respondent be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.